Kenneth R. Harris D-62491
Post Office Box 689 ZW-109L
Soledad, Ca. 93960-0689
In Pro se

FILED

08 AUG -1 AM 11: 39

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KENNETH R. HARRIS
    Petitioner-Appellant,

vs.

BEN CURRY (Warden) et al.
    Respondent-Appellee

) Case No. C08-1530 PJH (PR)
)
) CV08-01530 PJH
) United States District Court
) For The Northern District Of
) California
)
) PETITIONER'S OPPOSITION TO
) RESPONDENT'S REQUEST FOR STAY
) AND PETITIONER'S REQUEST
) DEFAULT JUDGMENT

## INTRODUCTION

On June 24, 2008, Respondent, Ben Curry moved this Court for a stay of the appellate proceeding pending a decision from an en banc panel of this Court in Hayward v. Marshall 512 F.3d 536 (9th Cir. 2008). Petitioner, Kenneth R. Harris opposes Respondent's request to stay the proceedings in this case. There is no shortage of authority guiding the Court on the merits of the present case, much of it from the state courts and this Court itself. In addition, this case does not turn on the outcome of Hayward. Therefore, Respondent's request for stay cannot be granted.

Respondent requests to stay the proceeding because it speculates "this Court may decide in Hayward whether it has jurisdiction over this case, and the appropriate standing to be applied if there is jurisdiction. This Court may also decide in Hayward whether prisoners are required to obtain certificates of appealability to appeal a district court decision on an administrative parole release decision." Respondent cites no authority to support its Request for Stay. (See Exhibit "A") under these circumstances other than Leyva v. Certified Grocers of Cal., 593 F.2d 857, 863 (9th Cir. 1979), and Lockyer v Mirant

Corp., 398 F.3d 1098, 1109, 1111 (9th Cir. 2005), both of which have no baring on the outcome or circumstances of Petitioner's appeal.

In considering whether an appeal should be stayed pending appeal, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Golden Gate Restaurant Ass'n v. San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (stating that these considerations apply to stays pending appeal).

Respondent is not entitled to a stay unless it has made a strong showing that it is likely to prevail on the merits or unless the balance of hardships tip in it's favor and the public interest supports it's request. Here, Respondent fails to invoke the required "strong showing" in it's request for a stay. Instead, it relies solely on speculation as to what the Court might do in areas of the law where the circuit has already settled the questions in state and federal law.

For example, This Court has made it clear that "California prisoners have a liberty interest in parole and that this interest arises as a result of California Penal Code §3041 (b), See Sass v. Cal. Bd. Of Prison Terms, 461 F.3d 1123, 1127-28; "The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to his interest if the board's decision is not supported by some evidence in the record, or is otherwise arbitrary." Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007) (quoting Superintendent v. Hill, 472 U.S. 445, 457 105 S. Ct. 2768, 86 L. Ed.2d 356

(1985); see also In re Powell, 45 Cal. 3d 894, 902, 248 Cal. Rptr. 431, 755 P.2d 881 (1988) (explicitly following Hill); Sass, 461 F.3d at 1128-29); "AEDPA does not require a petitioner to obtain a certificate of appealability when the federal claim underlying the petition is that the petitioner was unconstitutionally denied parole." See Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

There is no shortage of authority guiding the Court on the merits of the present case, much of it from the California Supreme Court and intermediate appellate courts. See Hicks v. Feiock, 485 U.S. 624, 629, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); Sandstrom v. Montana, 442 U.S. 510, 516-17, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (state law is binding in federal court action); Ryman v. Sears Roebuck and Co., 505 F.3d 993, 995 (9th Cir. 2007) (federal court is obligated to follow the decisions of the state's intermediate appellate court), including but not limited to this Court's current precedents mentioned above.

Moreover, Petitioner and Hayward's case are distinguishable in several ways. First, Hayward was convicted of second degree murder by a jury, and Second, Hayward was found suitable for parole by the board and the governor reversed the decision.

In petitioner's case, he entered into a plea bargain agreement with the state to plead guilty to second degree murder and receive a sentence of 15 years to life, in exchange for the reciprocal benefit of not serving a sentence of 25 years to life for first degree murder and, by which saving the state the cost of a trial, manpower and time consumed. As yet, petitioner has not been found suitable for parole because of the "nature of the offense". The board contends that petitioner's crime was committed in a brutal and heinous fashion. Petitioner contends his rights have been violated by way of breach of contract and

violation of due process of law. The board's denial of petitioner's parole has been upheld and the petition denied. This is inconsistent with In re Rosenkrantz, (2002) 29 Cal.4th 616, 683. There the court explained why the nature of the offense must "involve particularly egregious acts beyond the minimum necessary to sustain a conviction for second degree murder." The court stated that, "In some circumstances, and denial of parole based upon the nature of the offense [] might rise to the level of a due process violation-for example "where no circumstances of the offense reasonably could be more aggravated or violent than the minimum necessary to sustain a conviction for the offense." Accord In re Dannenberg (2005) 34 Cal.4th 1061-1095).

The paramount questions in this case for the Court to resolve is whether due process violations exist in terms of "Breach of Contract" on behalf of the State, and whether or not the due process of law has been denied petitioner, resulting in petitioner's over-incarceration due to the Board's repeated denials of parole based on the nature of the offense and in direct conflict with the plea bargain agreement. Hayward does not have such an issue before the en banc panel of the Court.

REQUEST FOR JUDGEMENT OF DEFAULT

Petitioner respectfully requests the Court find Respondent in default for not having met the Court's time constraint of 30 days for filing a Return, which was due on June 24, 2008 (See Exhibit "B", also (See Federal Rule of Civil Procedure 41(b)).

For the reasons stated above, Petitioner respectfully requests the Court deny Respondents request for a stay, grant Petitioner's request for Default Judgment, and amend the Court's Order accordingly.

Thanking the Court in advance for its time and consideration,

Sincerely,

Dated: July 31, 2008

_____
Kenneth R. Harris,
Petitioner

# Exhibit "A"

Case 3:08-cv-01530-PJH    Document 9    Filed 08/01/2008    Page 6 of 17

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STEVEN G. WARNER, State Bar No. 239269
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5747
Fax: (415) 703-5843
Email: Steven.Warner@doj.ca.gov

Attorneys for Respondent Warden Ben Curry
SF2008401468

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **KENNETH RAY HARRIS,** | C08-1530 PJH |
| Petitioner, | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*** |
| **v.** | |
| **BEN CURRY, Warden,** | |
| Respondent. | Judge: The Honorable Phyllis J. Hamilton |

**INTRODUCTION**

Kenneth Ray Harris filed a Petition for Writ of Habeas Corpus, contending that his due process rights were violated by the Board of Parole Hearings' 2006 parole unsuitability finding. The Court ordered a response to the Petition. On May 16, 2008, the Ninth Circuit granted en banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392, 2008 WL 2131400 (9th Cir. filed May 16, 2008), and oral argument is scheduled for June 24, 2008. The en banc court in *Hayward* may decide whether this Court has jurisdiction over this case, and the appropriate standard to be applied if there is jurisdiction.

1  Therefore, Respondent requests a stay of this case pending the issuance of the mandate in
2  *Hayward*.

3  <div align="center">**ARGUMENT**</div>

4  <div align="center">**I.**</div>

5  **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***
6  **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**
7  **GRANTING A STAY.**

8  A trial court has discretion to ensure the just and efficient determination of a case by
9  staying the case pending the resolution of other proceedings where a stay would be "efficient for
10 [the court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,
11 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should
12 consider the possible damage that may result, the hardship or inequity that a party may suffer,
13 and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and
14 questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d
15 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar
16 cases that are pending in the same district court, and the probability that more are likely to be
17 filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing
18 for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

19 As the resolution of *Hayward* could significantly impact this case and numerous similar
20 cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the
21 Court should exercise its discretion and stay this matter pending the issuance of the mandate in
22 *Hayward*.

23     **A.**    **Moving Forward with This Case Before the Finality of**
                  ***Hayward* Does Not Serve the Interest of Judicial Economy.**
24

25 Granting a stay in this case serves the interests of judicial order and economy. On May
26 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. *Hayward v. Marshall*, 512
27 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392, 2008 WL 2131400
28 (9th Cir. filed May 16, 2008). At issue before the en banc panel in *Hayward* are two threshold

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*                                                 *Harris v. Curry*
                                                                                                                            C08-1530 PJH

issues which are necessary to the resolution of this case: 1) whether California has created a federally protected liberty interest in parole for life inmates, and 2) if a liberty interest is created, what process is due under clearly established Supreme Court authority. Resolution of these issues could establish that Petitioner does not have a federally protected liberty interest in parole, potentially allowing the Court to dismiss his claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the parties would need to brief issues that will be decided en banc and then submit supplemental briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may unnecessarily complicate the matters raised and would impair the orderly course of justice. Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the Court from having to revisit this matter if *Hayward* is modified or reversed.

A stay would also serve judicial order and economy by maintaining uniform treatment of like suits, as once the law is settled it can be uniformly applied. In many habeas petitions challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v. Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650; *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

Granting a stay would therefore conserve judicial resources and serve the Court's interest in orderly managing these proceedings.

**B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

A stay of this case at the district level would not unfairly impose any additional or otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See* Arg. I.A.)

# CONCLUSION

When the equities are balanced, the parties' interests and the interests of judicial economy support staying this case pending the final resolution of *Hayward*. Staying this case until challenges to *Hayward* are resolved and that decision becomes final promotes the orderly resolution of this matter, and will assist in maintaining uniformity of like suits pending before this Court and similar cases that will be filed in the future. Respondent therefore requests that the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

Dated: June 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20118060.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Kenneth Ray Harris v. Ben Curry, Warden*

No.:   U. S. D. C., N. D., San Francisco Div., C 08-1530 PJH (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 24, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Kenneth Ray Harris, D-62491**
**Correctional Training Facility**
**Z109-L**
**P.O. Box 689**
**Soledad, CA 93960-0689**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 24, 2008**, at San Francisco, California.

|   J. Baker   |   *[signature]* Baker   |
|---|---|
| Declarant | Signature |

20118514.wpd

# Exhibit "B"

FILED
APR 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY HARRIS,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

No. C 08-1530 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. See 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner pled guilty in the California Superior Court for Sacramento County to second-degree murder. He was sentenced to fifteen years to life. He alleges that he has exhausted these parole claims by way of state habeas petitions.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

1  application for a federal writ of habeas corpus filed by a prisoner who is in state custody
2  pursuant to a judgment of a state court must "specify all the grounds for relief which are
3  available to the petitioner ... and shall set forth in summary form the facts supporting each
4  of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.
5  foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts
6  that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes
7  (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which
8  appear on their face to be legally insufficient are subject to summary dismissal." *Calderon
9  v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,
10 concurring).

**B.    Legal Claims**

The petition is directed to a denial of parole on November 2, 2006. As grounds for federal habeas relief, petitioner asserts that: (1) the Board violated his due process rights by not performing the plea agreement provision which allegedly required it to set a term of incarceration according to state regulations (the "matrix"); (2) the Board violated his due process rights and the plea agreement by recharacterizing his crime as first-degree murder; (3) there was no evidence that he was a threat to society at the time of the hearing; and (4) the denial of parole based on the nature of his offense violated due process.

These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all

2

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April _____, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\HARRIS1530.OSC.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY HARRIS,

    Petitioner,

v.

BEN CURRY et al,

    Respondent.
_____/

Case Number: CV08-01530 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Ray Harris D-62491
Correctional Training Facility
Z109-L
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 25, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:         FAX NO.: | |
| ATTORNEY FOR (Name): | |
| **COURT** | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PETITIONER/PLAINTIFF: | |
| RESPONDENT/DEFENDANT: | |
| **PROOF OF SERVICE BY MAIL** | CASE NUMBER: |

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: Kenneth R. Harris
   D62491 * 2-109L
   P.O. Box 689
   Soledad, CA. 93960-0689

3. I served a copy of the following documents (specify):
   [ ] Petition for Writ of Habeas Corpus     [ ] Petition of Opposition to Respondents Request for Stay And Petition for Default Judgment

   by enclosing them in an envelope AND
   a. [ ] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: _____
   b. Address: _____
   [X] STATE ATTORNEY GENERAL
   P. O. Box 944255
   Sacramento, CA 94244
   c. Date mailed: 7-31-08
   d. Place of mailing (city and state): CTF- Soledad
   Soledad, CA. 93960-0689

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7-31-08

Kenneth R. Harris
(TYPE OR PRINT NAME)                    ▶ _____ (SIGNATURE OF PERSON COMPLETING THIS FORM)

**PROOF OF SERVICE BY MAIL**