**FILED**

AUG 0 6 2008

**RICHARD W. WIEKING**
**CLERK, U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Kenneth R. Harris D-62491
Post Office Box 689 ZW-109L
Soledad, Ca. 93960-0689
In Pro se

**KENNETH R. HARRIS**
      Petitioner-Appellant,

vs.

BEN CURRY (Warden) et al.
      Respondent-Appellee

) Case No.C08-1530 PJH (PR)
)
) CV08-01530 PJH
) United States District Court
) For The Northern District Of
) California
)
) PETITIONER'S OPPOSITION TO
) RESPONDENT'S REQUEST FOR STAY
) AND PETITIONER'S REQUEST FOR
) DEFAULT JUDGMENT

## INTRODUCTION

On June 24, 2008, Respondent, Ben Curry moved this Court
for a stay of the appellate proceeding pending a decision from
an en banc panel of this Court in Hayward v. Marshall 512 F.3d
536 (9th Cir. 2008). Petitioner, Kenneth R. Harris opposes
Respondent's request to stay the proceedings in this case.
There is no shortage of authority guiding the Court on the
merits of the present case, much of it from the state courts and
this Court itself. In addition, this case does not turn on the
outcome of Hayward. Therefore, Respondent's request for stay
cannot be granted.

Respondent requests to stay the proceeding because it
speculates "this Court may decide in Hayward whether it has
jurisdiction over this case, and the appropriate standing to be
applied if there is jurisdiction. This Court may also decide in
Hayward whether prisoners are required to obtain certificates of
appealability to appeal a district court decision on an
administrative parole release decision." Respondent cites no
authority to support its Request for Stay. (See Exhibit "A")
under these circumstances other than Leyva v.Certified Grocers
of Cal., 593 F.2d 857, 863 (9th Cir. 1979), and Lockyer v Mirant

Corp., 398 F.3d1098, 1109, 1111 (9th Cir. 2005), both of which
have no baring on the outcome or circumstances of Petitioner's
appeal.

In considering whether an appeal should be stayed pending
appeal, the Court must consider "(1) whether the stay applicant
has made a strong showing that he is likely to succeed on the
merits; (2) whether the applicant will be irreparably injured
absent a stay; (3) whether the issuance of the stay will
substantially injure the other parties interested in the
proceeding; and (4) where the public interest lies." Hilton v.
Braunskill, 481 U.S. 770, 776 (1987); see Golden Gate Restaurant
Ass'n v. San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008)
(stating that these considerations apply to stays pending
appeal).

Respondent is not entitled to a stay unless it has made a
strong showing that it is likely to prevail on the merits or
unless the balance of hardships tip in it's favor and the public
interest supports it's request. Here, Respondent fails to
invoke the required "strong showing" in it's request for a stay.
Instead, it relies solely on speculation as to what the Court
might do in areas of the law where the circuit has already
settled the questions in state and federal law.

For example, This Court has made it clear that "California
prisoners have a liberty interest in parole and that this
interest arises as a result of California Penal Code §3041 (b),
See Sass v. Cal. Bd. Of Prison Terms, 461 F.3d 1123, 1127-28;
"The Supreme Court has clearly established that a parole board's
decision deprives a prisoner of due process with respect to his
interest if the board's decision is not supported by some
evidence in the record, or is otherwise arbitrary." Irons v.
Carey, 505 F.3d 846, 851 (9th Cir. 2007) (quoting Superintendent
v. Hill, 472 U.S. 445, 457 105 S. Ct. 2768, 86 L. Ed.2d 356

(1985); see also In re Powell, 45 Cal. 3d 894, 902, 248 Cal. Rptr. 431, 755 P.2d 881 (1988) (explicitly following Hill); Sass, 461 F.3d at 1128-29); "AEDPA does not require a petitioner to obtain a certificate of appealability when the federal claim underlying the petition is that the petitioner was unconstitutionally denied parole." See Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

There is no shortage of authority guiding the Court on the merits of the present case, much of it from the California Supreme Court and intermediate appellate courts. See Hicks v. Feiock, 485 U.S. 624, 629, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); Sandstrom v. Montana, 442 U.S. 510, 516-17, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (state law is binding in federal court action); Ryman v. Sears Roebuck and Co., 505 F.3d 993, 995 (9th Cir. 2007) (federal court is obligated to follow the decisions of the state's intermediate appellate court), including but not limited to this Court's current precedents mentioned above.

Moreover, Petitioner and Hayward's case are distinguishable in several ways. First, Hayward was convicted of second degree murder by a jury, and Second, Hayward was found suitable for parole by the board and the governor reversed the decision.

In petitioner's case, he entered into a plea bargain agreement with the state to plead guilty to second degree murder and receive a sentence of 15 years to life, in exchange for the reciprocal benefit of not serving a sentence of 25 years to life for first degree murder and, by which saving the state the cost of a trial, manpower and time consumed. As yet, petitioner has not been found suitable for parole because of the "nature of the offense". The board contends that petitioner's crime was committed in a brutal and heinous fashion. Petitioner contends his rights have been violated by way of breach of contract and

violation of due process of law. The board's denial of
petitioner's parole has been upheld and the petition denied.
This is inconsistent with In re Rosenkrantz, (2002) 29 Cal.4th
616, 683. There the court explained why the nature of the
offense must "involve particularly egregious acts beyond the
minimum necessary to sustain a conviction for second degree
murder." The court stated that, "In some circumstances, and
denial of parole based upon the nature of the offense [] might
rise to the level of a due process violation-for example "where
no circumstances of the offense reasonably could be more
aggravated or violent than the minimum necessary to sustain a
conviction for the offense." Accord In re Dannenberg (2005) 34
Cal.4th 1061-1095).

The paramount questions in this case for the Court to
resolve is whether due process violations exist in terms of
"Breach of Contract" on behalf of the State, and whether or not
the due process of law has been denied petitioner, resulting in
petitioner's over-incarceration due to the Board's repeated
denials of parole based on the nature of the offense and in
direct conflict with the plea bargain agreement. Hayward does
not have such an issue before the en banc panel of the Court.

REQUEST FOR JUDGEMENT OF DEFAULT

Petitioner respectfully requests the Court find Respondent
in default for not having met the Court's time constraint of 30
days for filing a Return, which was due on June 24, 2008 (See
Exhibit "B", also (See Federal Rule of Civil Procedure 41(b)).

For the reasons stated above, Petitioner respectfully
requests the Court deny Respondents request for a stay, grant
Petitioner's request for Default Judgment, and amend the Court's
Order accordingly.

Thanking the Court in advance for its time and consideration,

Sincerely,

Dated: August 01 2008


Kenneth W. Harris,
Petitioner

Back Sheet

# Exhibit "A"

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   JULIE L. GARLAND
    Senior Assistant Attorney General
4   ANYA M. BINSACCA
    Supervising Deputy Attorney General
5   STEVEN G. WARNER, State Bar No. 239269
    Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5747
     Fax: (415) 703-5843
8    Email: Steven.Warner@doj.ca.gov

9   Attorneys for Respondent Warden Ben Curry
    SF2008401468
10

11                IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15   **KENNETH RAY HARRIS,** | C08-1530 PJH |
| 16                Petitioner, | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE** |
| 17        v. | **MANDATE IN** *HAYWARD* |
| 18   **BEN CURRY, Warden,** | |
| 19              Respondent. | Judge: The Honorable Phyllis J. Hamilton |

20

21                      **INTRODUCTION**

22       Kenneth Ray Harris filed a Petition for Writ of Habeas Corpus, contending that his due

23   process rights were violated by the Board of Parole Hearings' 2006 parole unsuitability finding.

24   The Court ordered a response to the Petition. On May 16, 2008, the Ninth Circuit granted en banc

25   banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __

26   F.3d __, No. 06-55392, 2008 WL 2131400 (9th Cir. filed May 16, 2008), and oral argument is

27   scheduled for June 24, 2008.  The en banc court in *Hayward* may decide whether this Court has

28   jurisdiction over this case, and the appropriate standard to be applied if there is jurisdiction.

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*          *Harris v. Curry*
                                                           C08-1530 PJH

1 | Therefore, Respondent requests a stay of this case pending the issuance of the mandate in

2 | *Hayward.*

3 | <center>**ARGUMENT**</center>

4 | <center>**I.**</center>

5 | **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS**
**MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***
6 | **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND**
**CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**
7 | **GRANTING A STAY.**

8 | A trial court has discretion to ensure the just and efficient determination of a case by

9 | staying the case pending the resolution of other proceedings where a stay would be "efficient for

10 | [the court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

11 | 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should

12 | consider the possible damage that may result, the hardship or inequity that a party may suffer,

13 | and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

14 | questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

15 | 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar

16 | cases that are pending in the same district court, and the probability that more are likely to be

17 | filed. *Id.* Staying cases that are on the forefront an issue provides a necessary delay, allowing

18 | for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

19 | As the resolution of *Hayward* could significantly impact this case and numerous similar

20 | cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

21 | Court should exercise its discretion and stay this matter pending the issuance of the mandate in

22 | *Hayward.*

23 | **A.    Moving Forward with This Case Before the Finality of**
**_Hayward_ Does Not Serve the Interest of Judicial Economy.**
24 |

25 | Granting a stay in this case serves the interests of judicial order and economy. On May

26 | 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. *Hayward v. Marshall*, 512

27 | F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392, 2008 WL 2131400

28 | (9th Cir. filed May 16, 2008). At issue before the en banc panel in *Hayward* are two threshold

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*                    *Harris v. Curry*
C08-1530 PJH

1   issues which are necessary to the resolution of this case: 1) whether California has created a
2   federally protected liberty interest in parole for life inmates, and 2) if a liberty interest is created,
3   what process is due under clearly established Supreme Court authority. Resolution of these
4   issues could establish that Petitioner does not have a federally protected liberty interest in parole,
5   potentially allowing the Court to dismiss his claims for lack of jurisdiction without requiring
6   briefing from the parties. Moreover, it would be wasteful to proceed in this case without the
7   Ninth Circuit's holdings in these matters, as the parties would need to brief issues that will be
8   decided en banc and then submit supplemental briefing to apply the law as clarified in the en
9   banc decision. The two rounds of pleadings may unnecessarily complicate the matters raised and
10  would impair the orderly course of justice. Waiting for the resolution of *Hayward* would thus
11  conserve Court resources, and prevent the Court from having to revisit this matter if *Hayward* is
12  modified or reversed.

13       A stay would also serve judicial order and economy by maintaining uniform treatment of
14  like suits, as once the law is settled it can be uniformly applied. In many habeas petitions
15  challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of
16  the cases until the resolution of *Hayward. See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*
17  *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;
18  *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-
19  17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

20       Granting a stay would therefore conserve judicial resources and serve the Court's interest
21  in orderly managing these proceedings.

22       **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

23       A stay of this case at the district level would not unfairly impose any additional or
24  otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this
25  case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying
26  final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing
27  party will file an appeal, and that appeal may be delayed pending resolution of *Hayward. (See*
28  Arg. I.A.)

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*          *Harris v. Curry*
C08-1530 PJH

3

1                                    **CONCLUSION**

2            When the equities are balanced, the parties' interests and the interests of judicial economy

3    support staying this case pending the final resolution of *Hayward*.  Staying this case until

4    challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

5    resolution of this matter, and will assist in maintaining uniformity of like suits pending before

6    this Court and similar cases that will be filed in the future.  Respondent therefore requests that

7    the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

8            Dated:  June 24, 2008

9                                    Respectfully submitted,

10                                   EDMUND G. BROWN JR.
                                     Attorney General of the State of California

11                                   DANE R. GILLETTE
                                     Chief Assistant Attorney General
12
                                     JULIE L. GARLAND
13                                   Senior Assistant Attorney General

14                                   ANYA M. BINSACCA
                                     Supervising Deputy Attorney General

15

16

17

18                                   STEVEN G. WARNER
                                     Deputy Attorney General
19                                   Attorneys for Respondent

20

21

22

23

24

25

26

27

28    20118060.wpd

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*                    *Harris v. Curry*
                                                                                       C08-1530 PJH

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Kenneth Ray Harris v. Ben Curry, Warden*

No.:    **U. S. D. C., N. D., San Francisco Div., C 08-1530 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 24, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Kenneth Ray Harris, D-62491**
**Correctional Training Facility**
**Z109-L**
**P.O. Box 689**
**Soledad, CA 93960-0689**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 24, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Baker | |
| Declarant | Signature |

20118514.wpd

# Exhibit "B"

2

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3              UNITED STATES DISTRICT COURT

4              NORTHERN DISTRICT OF CALIFORNIA

5

6

7  KENNETH RAY HARRIS,

8                    Petitioner,                    No. C 08-1530 PJH (PR)

9      vs.                                          **ORDER TO SHOW CAUSE**

10  BEN CURRY, Warden,

11                    Respondent.

12  _____/

13         Petitioner, a California prisoner currently incarcerated at the Correctional Training

14  Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §

15  2254. He has paid the filing fee.

16         The petition attacks denial of parole, so venue is proper in this district, which is

17  where petitioner is confined. *See* 28 U.S.C. § 2241(d).

18                              **BACKGROUND**

19         Petitioner pled guilty in the California Superior Court for Sacramento County to

20  second-degree murder. He was sentenced to fifteen years to life. He alleges that he has

21  exhausted these parole claims by way of state habeas petitions.

22                              **DISCUSSION**

23  **A.    Standard of Review**

24         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

25  custody pursuant to the judgment of a State court only on the ground that he is in custody

26  in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

27  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

28  heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

*United States District Court*
*For the Northern District of California*

1  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

2  pursuant to a judgment of a state court must "specify all the grounds for relief which are

3  available to the petitioner ... and shall set forth in summary form the facts supporting each

4  of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

5  foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

6  that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes

7  (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which

8  appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*

9  *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

10  concurring).

11  **B.     Legal Claims**

12          The petition is directed to a denial of parole on November 2, 2006.  As grounds for

13  federal habeas relief, petitioner asserts that: (1) the Board violated his due process rights

14  by not performing the plea agreement provision which allegedly required it to set a term of

15  incarceration according to state regulations (the "matrix"); (2) the Board violated his due

16  process rights and the plea agreement by recharacterizing his crime as first-degree

17  murder; (3) there was no evidence that he was a threat to society at the time of the

18  hearing; and (4) the denial of parole based on the nature of his offense violated due

19  process.

20          These claims are sufficient to require a response.

21                                          **CONCLUSION**

22          1. The clerk shall serve by certified mail a copy of this order and the petition and all

23  attachments thereto on respondent and respondent's attorney, the Attorney General of the

24  State of California.  The clerk also shall serve a copy of this order on petitioner.

25          2.  Respondent shall file with the court and serve on petitioner, within sixty days of

26  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

27  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

28  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

2

1  portions of the state trial record that have been transcribed previously and that are relevant

2  to a determination of the issues presented by the petition.

3        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

4  the court and serving it on respondent within thirty days of his receipt of the answer.

5        3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

6  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

7  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

8  and serve on respondent an opposition or statement of non-opposition within thirty days of

9  receipt of the motion, and respondent shall file with the court and serve on petitioner a

10  reply within fifteen days of receipt of any opposition.

11        4.  Petitioner is reminded that all communications with the court must be served on

12  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

13  must keep the court informed of any change of address and must comply with the court's

14  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

15  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

16  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

17        **IT IS SO ORDERED.**

18  Dated: April _____, 2008.

19                                                    PHYLLIS J. HAMILTON
                                                      United States District Judge

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\HC.08\HARRIS1530.OSC.wpd

3

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY HARRIS,

      Petitioner,

v.

BEN CURRY et al,

      Respondent.
_____/

Case Number: CV08-01530 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Ray Harris D-62491
Correctional Training Facility
Z109-L
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 25, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

To the Clerk of the Court,                                   Case No. C08-1530 PJH


   On July 31, 2008, I forwarded to this Court an Opposition to the Attorney General's Request for a Stay, and a Request for Default. After diligently working to put this document together and get it to the Court, I realized hours later, and after the pages had been forwarded to the mailroom, that I had forgotten to sign it. For that reason it became necessary to forward new documentation so that it could be legitimized. I am sorry for the inconvenience and beg your indulgence of understanding.
   Thanking you in advance for your audience,
Sincerely,


Kenneth R. Harris
In Pro se

Dated: August 01, 2008

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __KENNETH RAY HARRIS_____, declare:

I am over 18 years of age and I am party to this action.  I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California.  My prison address is:

> __KENNETH R. HARRIS__, CDCR #: _D-62491_____
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 689, CELL #: _Z-109L____
> SOLEDAD, CA  93960-0689.

On __AUGUST 01, 2008_____, I served the attached:

__PETITION FOR OPPOSITION TO ATTORNEY GENERAL'S REQUEST_____
FOR STAY, AND PETITION FOR DEFAULT JUDGMENT_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined.  The envelope was addressed as follows:

1) OFFICE OF THE ATTORNEY GENERAL
   P.O. BOX 944255
   SACRAMENTO, CALIFORNIA
               94244-2550

2) OFFICE OF THE CLERK, U.S. DISTRICT CT.
   NORTHERN DISTRICT OF CALIFORNIA
   450 GOLDEN GATE AVENUE
   SAN FRANCISCO, CALIFORNIA
                   94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _AUGUST 01, 2008_.

KENNETH RAY HARRIS
_____
Declarant



Kenneth Ray Nichols
D-62491 * Z-109low
P.O. Box 689
Soledad, California
93960-0689

RECEIVED
AUG 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the Clerk U.S. District Court

North District of California

450 Golden Gate Avenue

San Francisco, California

94102



G/OM. KROPP 5/1/08